NORTON MOORE & ADAMS L.L.P.
William A. Adams, Esq. CSBN. 135035
wadams@nmalawfirm.com
501 West Broadway, Suite 800
San Diego, California 92101
Tel: (619) 233-8200
Fax: (619) 393-0461

Attorney for Defendants

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MARIBEL LEAL, an individual, ISRAEL RODRIGUEZ, an individual, PAUL RODRIGUEZ, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 3:20-CV-0688 GPC RBB <br><br> **Complaint Filed: April 9, 2020** <br><br> **DEFENDANTS MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> FRCP Rules 12(b)(1), 12(b)(6), 12(h)(3), & 28 USC §1367(c) <br><br> Date: Sept. 18, 2020 <br> Time: 1:30 P.M. <br> Courtroom: 2D <br> Judge: Hon. Gonzalo P. Curiel |

NORTON MOORE & ADAMS LLP
501 West Broadway, Suite 800
San Diego, California 92101
Ph: (619) 233-8200
wadams@nmalawfirm.com

NORTON MOORE & ADAMS LLP
501 West Broadway, Suite 800
San Diego, California 92101
Ph: (619) 233-8200
wadams@nmalawfirm.com

## SUMMARY OF MOTION

Plaintiff JAMES RUTHERFORD's ("Plaintiff") Complaint against Defendants MARIBEL LEAL, ISRAEL RODRIGUEZ, and PAUL RODRIGUEZ ("Defendants") alleges causes of action under the Americans with Disabilities Act, Title III (relating to public accommodations) and the California Unruh Act. Defendant brings this motion to dismiss on the following grounds:

1. Plaintiff fails to plead facts sufficient to allege the standing requirement of an injury-in-fact.
2. State law claims predominate Plaintiff's Complaint,
3. There novel and complex issues of state law, and
4. There are compelling reasons to decline supplemental jurisdiction under 28 U.S.C. §1367(c).

## STATEMENT OF RELEVANT FACTS

Plaintiff sues Defendants for injunctive relief under the Americans with Disabilities Act (42 USC §§12101 et seq. "ADA") (Compl., ¶¶ 26-31.) and for damages and injunctive relief under California's Unruh Civil Rights Act (Civil Code §§51 et seq.) (Compl., ¶¶ 32-35.) Defendants are the owners and operators of a casual family oriented Mexican restaurant in Oceanside California. Plaintiff alleges he is disabled and that on some unspecified days in January and February this year he encountered inaccessible parking at Defendants' business. (Ibid. ¶¶1, 10 - 14)

As is readily ascertainable from the Court's own records, Plaintiff has filed 20 accessibility lawsuits in the Southern District in the 12 months prior to filing the present lawsuit and well over 100 in the Central District – in just the previous 12 months. This number of lawsuits qualifies him as a "high-frequency litigant" under California Code of Civil Procedures §§425.50 and 425.55, which makes him subject to special pleading requirements as a condition of seeking Unruh Act

remedies. Plaintiff is the subject of a Civil Action by the District Attorney of Riverside for essentially fraudulent litigation. Plaintiff prevailed by demurrer based on various litigation privileges and the matter is currently under appeal by the District Attorney. (*California v. Rutherford*, Case No. E073700, Court of Appeal of California, Fourth Appellate District, Division Two; History: Riverside County Superior Court, Case No. RIC1902577.

## PROCEDURAL AUTHORITY FOR MOTION

Lack of Subject matter jurisdiction will result in dismissal. (Federal Rule of Civ. Proc. 12(b)(1)). Failure to state a claim upon which relief may be granted. (FRCP Rule 12(b)(6))

Even at the initial pleading stage, plaintiffs bear the burden of establishing the court's subject matter jurisdiction. California Practice Guide, Federal Civil Procedure Before Trial, §9:77.10.

FRCP Rule 12(d) allows pleading motions to be combined with summary adjudication of facts outside the pleadings under FRCP Rule 56.

The present lawsuit should be dismissed for a trifecta of independently fatal deficiencies: pleading, jurisdictional, and factual.

## ANALYSIS OF GROUNDS FOR DISMISSAL

**A. There are multiple grounds for this Court to decline Supplemental Jurisdiction of Plaintiff's state law causes of action.**

Under 28 U.S.C. 1367(c), a federal district court may decline supplemental jurisdiction over a plaintiff's state law claims if any one of the following four grounds exist:

(1) The claim raises a novel or complex issue of State law;

(2) The claim substantially predominates compared with the claim or claims over which the district court has original jurisdiction;

NORTON MOORE & ADAMS LLP
501 West Broadway, Suite 800
San Diego, California 92101
Ph: (619) 233-8200
wadams@nmalawfirm.com

(3) The district court has dismissed all claims over which it has original jurisdiction; or

(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).

The same is true in public accommodation / disability access cases filed in Federal District Court. See e.g., *Organization for the Advancement of Minorities With Disabilities v. Brick Oven Restaurant*, 406 F.Supp.2d 1120, 1130-31 (C.D. Cal. 2005) (hereinafter "*OAM*") (holding that "statutory damages available to Plaintiff Singletary under the Unruh Act substantially predominate over the injunctive relief available under the ADA").

B.  The Overwhelming Number of Recent Decisions Declined Supplemental Jurisdiction of These Types Cases.

Construction-related accessibility litigants regularly file in Federal District Courts and invoke supplemental jurisdiction to avoid state law pleading requirements adopted in 2015. These state requirements include complaint verification and special filing fees for "high-frequency litigants." (Cal. Code of Civil Procedure §425.50-55). However, the overwhelming number of District Courts now decline to exercise supplemental jurisdiction in these cases. The decision in *Schutza v. Cuddeback* ((S.D. Cal. April 10, 2017), 262 F. Supp. 3d 1025) appears to have changed the tide. As of this writing, it has over 350 citing decisions – nearly all favorably citing the Court's rejection of supplemental jurisdiction.

Several judges in the Central District now routinely flag construction-related access cases with *sua sponte* orders to show cause why supplemental jurisdiction should not be declined. (See e.g., *Estrada v. C & W Golden Inv. LLC* (C.D.Cal. Jan. 6, 2020, No. CV 19-8565-DMG (ADSx)) 2020 U.S.Dist.LEXIS 1691; *Garcia v. Birrieria Gonzalez Lounge* (C.D.Cal. Jan. 3, 2020, No. CV 19-

10723-CJC-SS) 2020 U.S.Dist.LEXIS 995; *Marquez v. Skechers U.S.A., Inc.* (C.D.Cal. Jan. 3, 2020, No. CV 19-10813-CJC-AFM) 2020 U.S.Dist.LEXIS 986; *Whitaker v. Stiglitz* (C.D.Cal. Dec. 16, 2019, No. CV 19-4122-DMG (JCx)) 2019 U.S.Dist.LEXIS 216910.)

While U.S. District Courts initially split on the issue of supplemental jurisdiction of state law claims in "construction-related" access lawsuits, the tide has turned decidedly in favor of dismissal. The experiences of the District Courts with these types of lawsuits, over time, have made it abundantly clear that construction-related access plaintiffs' filing in District Court does a disservice to both judicial economy and the State's interest in interpreting and administering its own laws. As recognized by the Hon. Cynthia Bashant of this Southern District:

> As a high-frequency litigant primarily seeking relief under state law, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim. (*Schutza v. Cuddeback* (S.D.Cal. 2017) 262 F. Supp. 3d 1025, 1031.)

Increasingly, Courts are basing their decisions to decline supplemental jurisdiction on "compelling reasons," as well as novelty and complexity. In discussing California's statutory efforts regulate what its legislature deemed abuse of its unique monetary remedies, The Hon. Larry Burns of California's Southern District opined:

> Unfortunately for California, its courts rarely get to interpret the meaning and application of these provisions because creative plaintiffs are able to evade the heightened standards by bootstrapping an Unruh Act claim to a federal ADA claim, taking advantage of the lower pleading standards that come with it. While there's nothing wrong with *preferring* to proceed in federal court, [*11] there is no *substantive* reason to do so in these cases. The only relief available under the ADA is injunctive relief, which can also be secured in state

NORTON MOORE & ADAMS LLP
501 West Broadway, Suite 800
San Diego, California 92101
Ph: (619) 233-8200
wadams@nmalawfirm.com

court. In attempting to show that his decision to file in federal court is not simply an attempt to evade California's heightened pleading rules, Schutza insists the "quality of judges [and] the quality of legal rulings" is higher in federal court. This argument, of course, flies in the face of our judicial system's equal respect for state and federal courts. The convenience of electronic filing and the widespread availability of published opinions—other arguments Schutza advances—may be creature comforts that make filing in federal court more enticing, but they hardly outweigh the disservice that is done to California's efforts to implement and interpret its own law when federal courts exercise supplemental jurisdiction over these claims. If Schutza were able to articulate a persuasive reason for his decision to file in federal court, perhaps this would be a different story. As it stands, though, the Court can discern no basis for the state law claim being filed in federal court other than to prevent California from being able to [*12] apply and enforce its own rules.

Schutza also urges that to decline supplemental jurisdiction here would be an inefficient use of judicial resources because two suits concerning the same facts would proceed parallel in two separate courts. But this is a problem of his own making. As discussed above, there is no relief available to Schutza in federal court that could not be secured in state court. Had he brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees. By being "inefficient" and declining to exercise supplemental jurisdiction over his state claim, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants. If that results in occasional inefficiency, it's a worthwhile tradeoff.

(*Schutza v. Alessio Leasing, Inc.* (S.D.Cal. Apr. 5, 2019, No. 18cv2154-LAB (AGS)) 2019 U.S.Dist.LEXIS 60152, at *10-12.)

Plaintiff here has a long established record as a a high-frequency litigant under state law who files in District Court to avoid the State pleading requirements enacted specifically for his style of filing lawsuits. If Plaintiff wants

**5**
Defendants' Mem. of P&As ISO Motion to Dismiss
(**3:20-CV-0688 GPC RBB**)

to pursue State Court remedies, he should be made to comply with the procedural pre-requisites intended to act as a gate keeper for such lawsuits. As held very recently in this Southern District:

> Here, Plaintiff is a high-frequency litigant who would have to abide by heightened pleading standards of veracity, specificity, and special fees if his claims were filed in state court. §§ 425.50-55. Allowing [*7] Plaintiff to bootstrap his Unruh Act claim onto an ADA claim for the sole purpose of avoiding California's procedural rules would allow Plaintiff the enjoyment of those parts of California law that benefit him while disallowing the parts purposefully enacted to protect Defendants. Further, there is no risk the parties will be unfairly burdened by inconsistent orders. Success in either or both courts will lead to the same result: the access barriers will be remedied.
> Therefore, the principles of comity and fairness, in conjunction with the state law claim's predominance, oblige this Court to decline supplemental jurisdiction over Plaintiff's Unruh Act claims.

(*Schutza v. Enniss Family Realty I LLC* (S.D.Cal. June 18, 2020, No. 20-CV-0298 W (JBL)) 2020 U.S.Dist.LEXIS 107028, at *6-7.)

## CONCLUSION

Defendants respectfully requests this Court to issue an order an dismissing Plaintiff's Complaint and declining supplemental jurisdiction over Plaintiff's state law claims.

Date: July 31, 2020    **NORTON MOORE & ADAMS LLP**

             By: /s/William Adams
             William A. Adams
             Attorney for Defendants