# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARIBEL LEAL, an individual, ISRAEL RODRIGUEZ, an individual, PAUL RODRIGUEZ, an individual; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 3:20-CV-0688 GPC RBB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

On July 31, 2020, Defendants moved the Court for an order dismissing Plaintiff's complaint for lack of standing and failure to state a claim upon which relief could be granted, and for an order declining supplemental jurisdiction and dismissing Plaintiff's state law claim. ECF No. 10. On September 4, 2020, Plaintiff filed his opposition, several days after the deadline set by the Court's order. ECF No. 11. Because Plaintiff filed the document late without seeking leave of the Court to extend the deadline, the document was struck from the record and the Court does not consider it in deciding the instant motion. ECF No. 14.

The Court finds this motion suitable for disposition without oral argument. Civ. LR 7.1(d)(1). The Court **DENIES** Defendants' motion to dismiss for lack of

standing and failure to state a claim. The Court further declines to exercise supplemental jurisdiction and **GRANTS** Defendants' motion to dismiss Plaintiff's state law claim.

## I. Background

Plaintiff is an individual with disabilities that limit his ability to walk, stand, ambulate, and sit, as well as to twist, turn, and grasp objects. ECF No. 1 ("Compl.") ¶ 1. Plaintiff relies on mobility devices, including at times a wheelchair, to ambulate. *Id.* Plaintiff has been issued a Disabled Person Parking Placard. *Id.*

On or about March 7, 2019, Plaintiff went to Armando's Mexican Food ("the Restaurant"), located at 1426 Mission Ave., Oceanside, CA 92058, a property owned by Defendants.[1] *Id.* ¶¶ 2, 8. Plaintiff alleges that although the Restaurant had parking spaces reserved for patrons, there were no spaces available for persons with disabilities that complied with the requirements of the Americans with Disabilities Act ("ADA"), including requirements related to the use of accessible parking spaces, the slope and condition of accessible parking spaces and accessible paths to the entrance, and the proximity of accessible parking spaces to the accessible entrance. *Id.* ¶¶ 11–12, 17. Plaintiff states that he personally encountered these parking-related barriers and that he is deterred from patronizing the Restaurant. *Id.* ¶¶ 16, 19.

Plaintiff asserts the alleged violations "are easily removed without much difficulty or expense." *Id.* ¶ 23. Plaintiff states he "intends to return to the [Restaurant] for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the [Restaurant] ceases evading its responsibilities under federal and state law" within 45 days of being informed that the Restaurant has become accessible. *Id.* ¶ 19–20. Plaintiff further asserts that he

---

[1] Plaintiff also names Does 1 through 10 as Defendants, asserting that the Doe Defendants are responsible in some capacity for the alleged violations or are necessary parties for obtaining relief. Compl. ¶ 4.

believes there are "other violations and barriers in the site that relate to his disability," and that he will amend the complaint to include claims for those violations once he conducts a site inspection. *Id.* ¶ 24.

Plaintiff asserts two causes of action. First, he alleges Defendants failed to ensure the Restaurant had accessible parking spaces and access aisles usable by persons with disabilities like Plaintiff as required by the ADA, 42 U.S.C. §12181, et seq. *Id.* ¶¶ 26–31. Second, Plaintiff alleges that Defendants, by violating the ADA and by discriminating against Plaintiff on the basis of a disability, also violate California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, et seq. *Id.* ¶¶ 32–35. Plaintiff seeks injunctive relief prohibiting Defendants from further violating the ADA and Unruh Act, as well as an award of actual and statutory damages under the Unruh Act of not less than $4,000 per offense. *Id.* at 9. Plaintiff also seeks $4,000 in additional deterrence damages, plus attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52. *Id.*

## II. Motion to Dismiss for Lack of Standing and Failure to State a Claim

Defendants state in their motion that "Plaintiff fails to plead facts sufficient to allege the standing requirement of an injury-in-fact" and cite to Fed. R. Civ. P. 12(b)(1). ECF No. 10-1 at 2–3. Defendants also cite "Failure to state a claim upon which relief may be granted" and Fed. R. Civ. P. 12(b)(6) as a basis for their motion to dismiss. *Id.* at 3. However, Defendants fail to argue either of these grounds in the body of their motion. The Court therefore declines to consider Defendants' motion under 12(b)(6) and **DENIES** the motion to dismiss for failure to state a claim. But because the Court has an independent duty to ensure it properly has subject matter jurisdiction over the claims before it, *see* Fed. R. Civ. P. 12(h)(3), the Court will consider whether Plaintiff has standing to bring his claims.

### A. Legal Standard

A court can only exercise subject matter jurisdiction over a plaintiff's claim if

the plaintiff meets constitutional standing requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[T]o satisfy Article III's case or controversy requirement, [a plaintiff] needs to show that he has suffered an injury in fact, that the injury is traceable to the challenged action of [the defendant], and that the injury can be redressed by a favorable decision." *Fortune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *Bird v. Lewis & Clark College*, 303 F.3d. 1015, 1019 (9th Cir. 2002)). An ADA "plaintiff who has encountered or has personal knowledge of at least one barrier related to his or her disability when he files a complaint and who has been deterred from attempting to gain access to the public accommodation because of that barrier, has suffered an injury in fact for the purposes of Article III." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008). When a plaintiff seeks an injunction mandating that a public accommodation comply with the ADA, the plaintiff has shown their injuries can be redressed by a favorable decision. *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017).

**B. Discussion**

Defendants do not make any arguments regarding standing. In his complaint, Plaintiff alleges that he personally encountered non-accessible parking spaces and related barriers that inhibited his access to the Restaurant as a person with a mobility disability, that he was deterred from patronizing the Restaurant, and that he will return within 45 days after being informed that the Restaurant is accessible. Compl. ¶¶ 12, 14, 19–20. The Court finds that Plaintiff has adequately alleged that he encountered a barrier at the Restaurant related to his disability, and that he is deterred from gaining access to the Restaurant because of the barrier, which constitutes an actual and imminent injury. *See Doran*, 524 F.3d at 1041. Additionally, Plaintiff's requested injunctive relief would remedy the harms alleged by removing the barriers and by giving Plaintiff full and equal access to the Restaurant. Accordingly, the Court finds Plaintiff has established standing at the

motion to dismiss stage.

## III. Motion to Dismiss State Law Claim and Decline Supplemental Jurisdiction under 28 U.S.C. § 1367(c)

Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismiss the state law claim pursuant to 28 U.S.C. § 1367(c).

### A. Legal Standard

A federal court has supplemental jurisdiction over state law claims that are so related to claims over which the court has original jurisdiction that they form the same case or controversy under Article III of the U.S. Constitution. 28 U.S.C. § 1367(a). However, a court can decline to exercise supplemental jurisdiction over a state law claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In determining whether to decline jurisdiction pursuant to 28 U.S.C. § 1367(c), a court should consider whether the exercise of jurisdiction would promote judicial economy, convenience and fairness to litigants, and comity. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172–73 (1997).

### B. Discussion

Defendants do not dispute that Plaintiff's Unruh Act claim forms a part of the same case or controversy as his ADA claim as is required for supplemental jurisdiction to exist under 28 U.S.C. § 1367(a). However, Defendants argue that the Court should decline to exercise supplemental jurisdiction over the Unruh Act claim pursuant to 28 U.S.C. § 1367(c). ECF No. 10-1 at 2. Defendants argue that Plaintiff's state law claim predominates over the federal claim, that the state law

claim presents novel and complex issues of state law, and that there are compelling reasons to decline supplemental jurisdiction, namely that Plaintiff, as a "high frequency litigant" under state law, would be subject to more stringent pleading requirements in state court and therefore should not be permitted to evade California's procedural rules by proceeding in federal court. *Id.* at 5–7.

The Court first considers whether Plaintiff's status as a serial litigant, who would be subject to a heightened pleading standard in California state court, serves as a compelling reason for this Court to decline supplemental jurisdiction over Plaintiff's Unruh Act claim. Under the California Code of Civil Procedure, California courts impose special requirements on "high frequency litigants," defined as plaintiffs who filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the lawsuit. Cal. Civ. Proc. Code § 425.55(b)(1). Among other requirements, high frequency litigants and their attorneys are required to state with greater specificity the basis for their construction-related accessibility claims and to verify the allegations in the complaint. Cal. Civ. Proc. Code § 425.50. California adopted these provisions in an attempt to discourage the small number of plaintiffs and law firms who file a disproportionately large number of the construction-related accessibility lawsuits in the state from filing boilerplate complaints against small businesses. Cal. Civ. Proc. Code § 425.55(a)(2).

Defendants argue that the reasoning expressed in numerous district court cases supports their position that Plaintiff, as a high frequency litigant, should not be permitted to evade these state court pleading requirements.[2] ECF No. 10-1 at 5. A plaintiff is "the master of the claim" and is entitled to choose among available fora. *White v. Wisco Restaurants, Inc.*, No. 17-cv-103-L-JMA, 2018 WL 1510611, at *4

---

[2] The Court notes that Plaintiff has filed nearly 20 other complaints in this district in the 12 months preceding the filing of this lawsuit, according to PACER.

(S.D. Cal. Mar. 27, 2018) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A plaintiff's selection of the most advantageous forum is neither improper nor an "unusual circumstance." *Id.* Further, exercising supplemental jurisdiction over closely related state law claims can often preserve judicial resources, as well as those of the parties, by preventing duplicative litigation. *See Gibbs*, 383 U.S. at 726. However, comity and fairness are also important considerations underlying the decision to exercise supplemental jurisdiction. *Id.* at 726. Comity may constitute a compelling circumstance to decline jurisdiction when the case presents strong reasons to have the state court interpret state law or when the plaintiff engaged in forum shopping. *Org. for Advancement of Minorities*, 406 F. Supp. at 1132; *see also Feezor v. Tesstab Operations Group, Inc.*, 524 F. Supp. 2d. 1222, 1225–26 (S.D. Cal. 2007). Numerous district court cases have recognized that exercising supplemental jurisdiction over a high frequency litigant's Unruh Act claims would frustrate California's policy, as codified by statute, of subjecting such claims to stricter pleading standards and allow serial litigants to "use the federal court system as a loophole to evade California's pleading requirements." *Rutherford v. Ara Lebanese Grill*, No. 18-cv-01497-AJB, 2019 WL 1057919, at *4–5 (S.D. Cal. Mar. 6, 2019); *see, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017); *Org. for Advancement of Minorities*, 406 F. Supp. 2d at 1132; *Theroux v. Mar-Con Prod., Inc.*, No. 19-cv-1810-H, 2019 WL 6829096, at *3 (S.D. Cal. Dec. 13, 2019).

      The Court recognizes that Plaintiff's ADA and Unruh Act claims arise out of the same facts and require application of similar standards, and that exercising supplemental jurisdiction would allow these claims to be heard together in federal court. However, exercising jurisdiction over Plaintiff's Unruh Act claim would undermine the procedures established for hearing such claims in California. It would be unfair to allow Plaintiff to enjoy "those parts of California law that benefit him while disallowing the parts purposefully enacted to protect Defendants."

1  *Schutza v. Enniss Family Realty I LLC*, No. 20-CV-0298 W (JBL), 2020 WL
2  3316969, at *3 (S.D. Cal. June 18, 2020).  Accordingly, the Court finds that
3  California's enhanced pleading requirement for high frequency litigants like
4  Plaintiff is a compelling reason to decline the exercise of supplemental jurisdiction
5  in this case.

6       The Court also considers Defendants' argument that Plaintiff's Unruh Act
7  claim substantially predominates over his ADA claim.  Defendants cite to several
8  district court decisions that found the plaintiffs' Unruh Act claims to predominate
9  over their ADA claims.  ECF No. 10-1 at 4−5.  A court may dismiss state law
10 claims when "in terms of proof, of the scope of the issues raised, or of the
11 comprehensiveness of the remedy sought," the state law claims substantially
12 predominate over the federal claims.  *Rutherford*, 2019 WL 1057919, at *4 (quoting
13 *Gibbs*, 383 U.S. at 726−27).   In other cases, district courts have found plaintiffs'
14 state law claims to predominate over their federal ADA claim where they seek
15 significant damages under state law and allege legal theories applicable only to state
16 law claims.  *See, e.g.*, *Cuddeback*, 262 F. Supp. 3d at 1029−30 (finding state law
17 claims predominated where plaintiff could potentially recover up to $36,000 for
18 Unruh Act claims and plaintiff alleged intentional discrimination); *Schutza v.
19 McDonald's Corp.*, 133 F. Supp. 3d 1241, 1247−48 (S.D. Cal. 2015) (finding state
20 law claims predominated where California accessibility standards provided
21 independent basis for liability on state law claims, plaintiff alleged intentional
22 discrimination, and plaintiff sought damages and fees).  *But see Chavez v. Suzuki*,
23 No. 05CV1569 BTM(BLM), 2005 WL 3477848, at *2 (S.D. Cal. Nov. 30, 2005)
24 (finding state law claims did not predominate when claims were identical aside from
25 availability of statutory damages under state law); *Johnson v. Makinen*, No. 2:09–
26 CV–796 FCD KJM, 2009 WL 2137130, at *3 (E.D. Cal. 2007) (finding Unruh Act
27 claim did not predominate over ADA claim "where plaintiff has one state claim and
28 one federal claim, and both are still viable").

1    Here, the legal theory underlying Plaintiff's Unruh Act claim is that
2 Defendants violated the ADA.  Compl. ¶ 34.  However, Plaintiff also appears to
3 allege intentional discrimination as an alternative basis for his Unruh Act claim.  *Id.*
4 ¶ 35 ("Despite this knowledge [that the Restaurant was inaccessible to Plaintiff],
5 Defendants maintain its premises in an inaccessible form, and Defendants have
6 failed to take action to correct these barriers"); *cf. Hankins v. El Torito Restaurants,*
7 *Inc.*, 63 Cal. App. 4th 510, 518 (1998) (allegation that restaurant acted with
8 knowledge of the effect its conduct had on people with disabilities was sufficient to
9 plead intentional discrimination).  Resolving the issue of intentional discrimination
10 may expand the scope of the issues and requisite proof beyond those relevant to the
11 ADA claim.  Further, the Court notes that the complaint alleges "other violations
12 and barriers in the site that relate to his disability" that he may seek to add to the
13 lawsuit after a site inspection, indicating the amount of damages Plaintiff seeks may
14 increase substantially.  Compl. ¶¶ 13, 24; *cf. Schutza v. Alessio Leasing, Inc.*, No.
15 18-cv-2154-LA (AGS), 2019 WL 1546950, at *3 (S.D. Cal. Apr. 8, 2019) (finding
16 plaintiff's Unruh Act claim substantially predominated over his ADA claim where
17 "the money damages available to him [were] open-ended").  In light of the potential
18 for Plaintiff to seek far greater state law damages and his inclusion of a state-law
19 specific legal theory, this Court finds that Plaintiff's Unruh Act claim substantially
20 predominates over his ADA claim and declines to exercise jurisdiction on that
21 basis.[3]
22 \ \ \
23 \ \ \
24 \ \ \
25 \ \ \

---

[3] Because Defendants do not specify what novel questions of state law the Court would need to resolve were it to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, the Court does not find for Defendants under 28 U.S.C. § 1367(c)(1).

## IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss for lack of standing and **DENIES** Defendants' motion to dismiss for failure to state a claim.  The Court **GRANTS** Defendant's motion to decline supplemental jurisdiction over Plaintiff's state law claim and **ORDERS** that Plaintiff's claim for violation of the Unruh Act be dismissed without prejudice.

The Court further **VACATES** the hearing set for September 18, 2020.

**IT IS SO ORDERED.**

Dated:  September 15, 2020

Hon. Gonzalo P. Curiel
United States District Judge